**UNITED STATES of America, Plaintiff,**

v.

**Eugene Frank ROBEL, Defendant.**

**No. 50676.**

United States District Court
W. D. Washington, N. D.

Oct. 4, 1965.

In particular, Section 160.8 provides: "Nothing in this part shall be construed to affect the applicability of the provi-

Robert C. Williams, U. S. Atty., Seattle, Wash., for plaintiff.

John Caughlan, Seattle, Wash., for defendant.

LINDBERG, Chief Judge.

The United States procured the indictment of Eugene Frank Robel in May, 1963 for an alleged violation of Section 5(a) (1) (D) of the Subversive Activities Control Act, 50 U.S.C. § 784(a) (1) (D). The indictment contains but one count which charges:

"COUNT I

"1. That there is and has been in effect since October 20, 1961 a final order of the Subversive Activities Control Board requiring the Communist Party of the United States of America to register with the Attorney General of the United States as a 'Communist-action organization,' as defined in Title 50, United States Code, Section 782.

"2. That on or about August 20, 1962, the Secretary of Defense, pursuant to the provisions of Title 50, United States Code, Section 784(b), designated the Todd Shipyards Corporation, Seattle Division, Seattle, Washington, as a defense facility, and thereafter notices of such designation were posted, and continue to be so posted, by the corporation in conspicuous places about the plant.

"3. That from on or about November 19, 1962 and continuously up to

sions of *State* or other Federal laws." (Emphasis supplied)

and including the date of this indictment, in the Northern Division of the Western District of Washington and within the jurisdiction of the Court, Eugene Frank Robel did unlawfully and willfully engage in employment in a defense facility, to wit, Todd Shipyards Corporation, Seattle Division, while at the same time being a member of the Communist Party of the United States of America with knowledge and notice of the said final order requiring the Communist Party to register with the Attorney General as a Communist-action organization and with knowledge and notice that the said Todd Shipyards Corporation, Seattle Division had been and continues to be designated a defense facility by the Secretary of Defense, in violation of Title 50, United States Code, Section 784(a) (1) (D)."

The subsection of the statute reads as follows:

"When a Communist organization, as defined in paragraph (5) of section 782 of this title, is registered or there is in effect a final order of the Board requiring such organization to register, it shall be unlawful—

"(1) For any member of such organization, with knowledge or notice that such organization is so registered or that such order has become final—

\* \* \* . \* \* \*

"(D) if such organization is a Communist-action organization, to engage in any employment in any defense facility."

Defendant promptly moved to dismiss the indictment on the ground that it fails to charge an offense for the reason that the statute upon which it is based is violative of Article I, Section 9, and of the First, Fifth and Sixth Amendments to the Constitution of the United States, and for the additional reason that the indictment fails to set forth and state certain essential elements of the offense charged.

Briefs supporting and opposing the motion were filed and oral argument had.

Decision on the motion has been delayed, awaiting final decision in the cases of Aptheker v. Secretary of State (1964), 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992, and United States v. Brown (1965), 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484, involving similar issues.

Supplemental argument in letter form was submitted following the decision in said cases.

For the purpose of this motion certain pertinent facts alleged in the proceedings may be assumed as true. They are that Robel, a native-born citizen of the United States, approximately fifty-four years of age, has been employed as a shipyard worker at the Todd Shipyards for a period in excess of ten years. During that time he has been and still is a member of the Communist Party. On August 20, 1962, the Secretary of Defense designated Todd Shipyards as a "defense facility," within the meaning of the Act. Notices to that effect were posted conspicuously in the plant area. Ninety days later, on November 19, 1962, Robel's continued acts of employment, which remained unchanged and which apparently had been lawful up until this time, then became criminal.

As can be seen from the indictment, no charge is made against Robel that he is an active member of the Party, or that he is acting or has acted or intends to act to further the unlawful purposes of the Party. No charge is made that he intends to promote strikes or engage in activities inimical to the security of the United States. The government argues that it does not have to prove these elements. All it has to prove, under the statute, are the following four facts:

(1) An order of the Attorney General requiring the Communist Party of America to register as a Communist-Action group;

(2) Designation of Todd Shipyards as a defense facility by the Secretary of Defense;

(3) Knowledge on the part of Robel that the shipyard had been designated as a defense facility and

knowledge that the Attorney General had ordered the Party to register; and

(4) Membership of Robel in the Communist Party.

From the confluence of these four factors alone criminal guilt (supposedly) flows. In other words, it is argued that the defendant is criminally liable regardless of whether he is an active or passive member of the Party, regardless of whether he believes and subscribes to a few, most, or all of the Party's aims, and regardless of whether he personally has any intent to act adversely to the government's interests.

Throughout its brief the government contends that membership in the Communist Party is not, without more, a crime. Nevertheless, the defendant here subjects himself to the full penalties of the statute unless he either relinquishes his employment with the shipyard or resigns from the Party. Giving up his employment, we may assume, would mean a severe hardship, possibly involving the loss of valuable seniority rights. Thus, the only financially acceptable choice is resignation from the Party, although he has the lawful right to be a member. But the government contends he does not have a right to continue working at the shipyard *and* remain a member of the Communist Party—this is a crime. It is a crime not because of anything Robel has done but because the large group of which he is a member has been administratively adjudicated to have certain unlawful purposes. If all of Robel's activities remain unchanged—except that he gives up his Party membership—then there is no guilt; no crime is committed. Still, the government contends that being a Communist is not criminal. Whatever the precise element that Party membership contributes to criminality it is undeniably the central fact upon which guilt will depend in this case. And when criminal guilt is dependent upon a person's association with a large class of people, questions of First Amendment freedoms and due process under the Fifth Amendment hover in the background, and the indictment must be strictly construed.

An examination of Scales v. United States (1961), 367 U.S. 203, 81 S.Ct. 1469, 6 L.Ed.2d 782 and Noto v. United States (1961), 367 U.S. 290, 81 S.Ct. 1517, 6 L.Ed.2d 836 in connection with the recent cases of Aptheker v. Secretary of State (1964), 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 and United States v. Brown (1965), 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 convinces me that the indictment does not charge an offense against the United States.

The government contends without reservation that the indictment need not allege nor prove the defendant was an active or participating member of the Communist Party with knowledge of its unlawful purposes and a specific intent to advance such purposes. It is true that the statute does not explicitly so provide or require. This omission may ultimately serve to render subsection 5 of the Act here under consideration (50 U.S.C. § 784(a)) unconstitutional as it did with respect to section 6 of the Act (50 U.S.C. § 785). Aptheker v. Secretary of State, supra, 378 U.S. at page 511, footnote 9, 84 S.Ct. 1659. Certainly if this likely constitutional infirmity is to be overcome the requirements of active membership and specific intent must be deemed implicit in the statute. Scales v. United States, 367 U.S. 203, page 220 and footnote 11, page 221, 81 S.Ct. 1469, 6 L.Ed.2d 782.

The indictment does not charge specifically or by inference either of the essential elements of active and knowing membership nor specific intent and the government does not so contend.

The nexus of guilt between a group and one of its members must depend on links more numerous and more substantial than those charged by the government.

It is therefore ordered that the indictment be and is hereby dismissed.